**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| IN THE MATTER OF: | * | |
| | * | |
| IN RE BLANCO VELEZ STORES, INC. | * | CASE NO. 11-03169 (SEK) |
| | * | |
| DEBTOR | * | CHAPTER 11 |
| | * | |

_____

**UNITED STATES TRUSTEE'S OBJECTION TO
APPLICATION FOR EMPLOYMENT OF ALBERTO FERNANDEZ PELEGRINA AS
ACCOUNTANT TO COMMITTEE OF UNSECURED CREDITORS**

TO THE HONORABLE COURT:

COMES NOW Donald F. Walton, the United States Trustee for Region 21, and pursuant to Section 307 of the United States Bankruptcy Code and 28 U.S.C. Section 586(a), respectfully states as follows:

1. Debtor corporation filed a voluntary petition on April 14, 2011.

2. On May 17, 2011, the United States Trustee appointed an Unsecured Creditors' Committee (dkt. # 29).

3. On June 10, 2011, the Unsecured Creditors' Committee filed an application for the employment of CPA Alberto Fernandez Pelegrina as its accountant (dkt. # 35) (the "application").

4. The United States Trustee objects to the application on the following grounds:

    **a.** The application, in its paragraph six (6), provides that the accountant will charge, in addition to professional services, $25.00 per hour for **clerical staff**.

    **b**. The United States Trustee objects to the approval of an hourly rate for clerical staff.

The Bankruptcy Code in its Section 330 provides as follows:

(a)(1) After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for **actual**, necessary expenses

11 U.S.C. Sec 330 (emphasis added)

**c**. Clerical and office support staff <u>expenses</u> are considered overhead expenses which are not generally allowed under the provisions of 11 U.S.C. § 330. " . . . Section 330 (a)(2) does not contemplate reimbursement for normal overhead expenses". *Sousa, U.S. Trustee v. Miguel* (*In re United States Trustee*), 32 F.3d 1370, 1374 (9th Cir. 1994), citing *In re Rauch*, 110 B.R. 467, 476-77 (Bankr. E.D.Cal.1990).

"Nonreimbursable overhead has been defined as regular administrative and general expenses incident to the operation of a business that cannot be attributed to a particular client or cost." 3 Lawrence P. King, Collier on Bankruptcy 15th Ed. Revised, paragraph 330.05 at page 330-65 (Mathew Bender 2003) citing *In re Convent Guardian Corp.*, 103 B.R. 937 (Bankr. N.D. Ill 1989).

"As a general rule, courts have viewed clerical work as part of the overhead expenses incurred by a professional, and because it is an expense which is built in the hourly rate of the professional is non-compensable. *In re C.P. Del Caribe, Inc*. 143 B.R. 11 (Bankr. D.P.R. 1992).

Clerical fees are not a reimbursable expense unless extraordinary circumstances in a case require the professional to incur the added expense and it is traceable directly to the case.

Even if the precedent criteria were met, the approval of such expense would have to be requested to the court by the professional through a request for reimbursement of expenses, and the expense can not be reimbursed unless it is "actual, necessary and reasonable" under the provisions of 11 U.S.C. Sec. 330 (a)(1)(B). Further, said expense must be supported by adequate documentation. *In the matter of Perez Hernandez*, 73 B.R. 329 (Bankr. D.P.R. 1987). The documentation provided must be detailed enough to place the court in a position to determine whether the expenses were actual, necessary and reasonable. *Perez Hernandez* at 331.

    5. Accordingly, it is the position of the United States Trustee that the approval of an hourly rate for clerical staff as proposed in the application should be denied.

    WHEREFORE, the United States Trustee hereby requests that:

        (1) the unsecured creditors' committee be allowed a period of time to either modify the application to delete the reference to the hourly rate for clerical staff or withdraw the application for approval of employment of accountant; and,

        (2) in the event neither occurs within the prescribed time period, that the application be denied.


    WHEREFORE, the United States Trustee hereby requests that the *Application for Employment of Alberto Fernandez Pelegrina as Accountant to Committee of Unsecured Creditors* (dkt. # 35) be denied, as submitted.

### NOTICE

**Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise**.

### - CERTIFICATE OF SERVICE -

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

- LOURDES ARLENE ARROYO PORTELA lourdes.arroyo@oneillborges.com, docket_clerk@oneillborges.com;tere.solo@oneillborges.com
- JANE BECKER WHITAKER jbecker@caribe.net, janebeckerwhitaker@yahoo.com
- CHARLES ALFRED CUPRILL cacuprill@cuprill.com, ccuprill@cuprill.com;docket@cuprill.com;luis@cpacarrasquillo.com
- VERONICA DURAN CASTILLO vduran@bppr.com, duranvero@gmail.com
- DAVID P. FREEDMAN David.Freedman@oneillborges.com, docket_clerk@oneillborges.com;Tere.Solo@oneillborges.com
- CARLOS R HERNANDEZ VIVONI chernandez@wblawpr.com, chvivoni@gmail.com
- MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov
- DANIEL MOLINA LOPEZ dml@trdlaw.com, i.cartagena@trdlaw.com;noticesdml@yahoo.com

MAXIMILIANO A PLA MENDEZ map@fcrv.com

US TRUSTEE ustpregion21.hr.ecf@usdoj.gov

MARIA F. VELEZ PASTRANA mfvelezquiebras@gmail.com

**I DO HEREBY FURTHER CERTIFY** that on this same date a true and exact copy of the foregoing has been *sent by regular United States mail* to debtor:

BLANCO VELEZ STORE INC
PO BOX 1619
BAYAMON, PR 00960

and to:

CATHERINE M. MARTIN
Simon Property Group, Inc.
225 WEST WASHINGTON ST.
INDIANAPOLIS, IN 46204

DATED: June 13, 2011

>DONALD F. WALTON
>United States Trustee, Region 21
>
>MONSITA LECAROZ ARRIBAS
>Assistant United States Trustee
>
>OFFICE OF THE UNITED STATES TRUSTEE
>Ochoa Building, Suite 301
>500 Tanca Street
>San Juan, PR 00901-1922
>TELEPHONE NO. (787) 729-7444
>FAX NO. (787) 729-7449
>
>*[Electronically Filed]*
>
>By: s/Nancy Pujals
>    Nancy Pujals
>    Trial Attorney
>    USDC-PR #201103